[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14977
Non-Argument Calendar

_____

D.C. Docket No. 04-00036-CR-WS-M

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN EARL WALTON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

**(May 26, 2005)**

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant pled guilty to being a felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute cocaine

base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Three). The district court sentenced him to concurrent prison terms of 108 months on Counts One and Two, and to a consecutive prison term of 60 months on Count Three. He now appeals his Count Two sentence on the grounds that the district court (1) clearly erred in determining, based on his written confession that he sold 2 ounces of crack cocaine, that he was responsible for 56.7 grams of the drug, and (2) violated his Sixth Amendment rights by relying on facts not admitted by him to enhance his sentence, in violation of United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). We consider these grounds in turn.

I.

Appellant says that the court erred in finding that he possessed 50 grams of crack cocaine because "in a questionable state of sobriety," he told law enforcement officers that he had a one half ounce of the drug in his hotel room, which was an overstatement of the amount. Because this statement was an exaggeration, his statements to the officers that he had previously dealt two ounces of crack was also an exaggeration.

Under the Sentencing Guidelines, a defendant who is responsible for at least 50 grams, but not more than 150 grams of crack cocaine receives a base offense level of 32. U.S.S.G. § 2D1.1(c)(4). The Guidelines further provide a Measurement Conversion Table to facilitate conversions to drug equivalences, wherein it states that one ounce equals 28.35 grams. U.S.S.G. § 2D1.1, comment. (n.10).

The district court found at a suppression hearing that appellant's written statement that he had sold two ounces of crack was not involuntary because he was not so intoxicated that he was unable to freely and voluntarily give it. Appellant does not challenge this finding. The question thus becomes whether the court clearly erred in determining that the two ounces appellant admitted that he had sold should have converted to grams at a conversation rate of one ounce equaling approximately 28 grams. Although he contends that because he overestimated the amount of crack that the officers found in his motel room in executing a search warrant, he also overestimated the two ounces that he had previously sold, he admitted in earlier pleadings that a "street ounce" could total 28 grams. Thus, his own admission demonstrates that it was possible that each ounce he sold could have totaled 28 grams.

Moreover, because the two ounces that he admitted selling could not have been recovered for law enforcement officers to properly weigh, and he never presented any evidence as to the actual weight of the two ounces, other than his admission that he sold two ounces, the court could only rely on his admission that he sold two ounces. Because he did not provide evidence of an exact and reliable calculation rate for a "street ounce," but instead only stated that it could vary from 15 to 28 ounces, the court did not clearly err in relying on the Measurement Conversion Table in the Guidelines to determine the proper weight of the crack cocaine, in grams, for which he was responsible. Under the Guidelines, one ounce equals 28.35 grams; thus, the two ounces appellant sold equaled 56.7 grams, well over the 50 grams needed for a base offense level of 32. See U.S.S.G. § 2D1.1(c)(4), and comment. (n.10). In sum, the court did not clearly err in determining, based on appellant's admission, that appellant was responsible for two ounces of crack cocaine, which totaled 56.7 grams.

II.

Appellant contends that the court erred under Booker because he did not admit in his plea agreement or during the plea colloquy the facts to support the U.S.S.G. § 2D1.1 drug quantity attributed to him at sentencing. We are not persuaded. After he was arrested, appellant admitted that he had sold two ounces

4

of crack, which, as noted above, exceeded the 50 grams needed to establish his base offense level at 32. This statement was not only read into the record during his suppression hearing by Mike Palmer, a detective with the Selma Police Department, but appellant himself entered this written statement into evidence during the suppression hearing. Because he admitted that he had sold over 50 grams of crack, the court did not rely on a fact not admitted by the defendant to enhance his sentence. In short, no <u>Booker</u> error occurred.

In his reply brief (but not in his initial brief), appellant asserted that the court erred in sentencing him under a mandatory guidelines system. We do not consider the issue. <u>See</u> <u>United States v. Dicter</u>, 198 F.3d 1284, 1289 (11th Cir. 1999) (issues raised for the first time in a reply brief are waived).

AFFIRMED.